IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:05cv1

| | | |
|---|---|---|
| ANITA DUNCAN; NAOMI DUNCAN; MARY McCOMBS; and SCOTT SCROGGS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| PHOENIX SUPPORTED LIVING, INC.; and TONY SCHMIDT, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on plaintiffs' First Motion to Certify Class (#34), plaintiffs' First Motion to Compel (#42), and defendant's Motion for Sanctions (#46). A hearing was conducted on August 24, 2006, at which counsel for the respective parties appeared. Plaintiff Scott Scroggs, who is proceeding *pro se,* was advised of such hearing and instructed that his "failure to respond to defendant's motion and appear at the hearing may well result in the summary dismissal of his claims with prejudice." Docket Entry 51, at 2. Plaintiff Scroggs failed to appear or otherwise respond.

The court has carefully considered all the briefs of the parties and the well presented oral arguments. Having considered the briefs and arguments of respective counsel, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Defendant's Motion for Sanctions**

Defendants have moved for the imposition of sanctions against Plaintiff Scroggs for failure to participate in discovery in good faith. Earlier in this action, Plaintiff Scroggs was represented by Mr. Roth, who properly withdrew from such representation due to

-1-

communications issues.

In their Motion for Sanctions, defendants have shown that Plaintiff Scroggs failed to appear for the taking of his deposition on June 28, 2006, and failed to properly notify counsel for defendants of his intent not to attend. Compounding this initial failure, Mr. Scroggs has failed to respond to defendants' Motion for Sanctions, heed this court's Order of August 3, 2006, or attend the August 24, 2006 hearing.

Sanctions for failing to properly participate in court-ordered discovery are governed by Rule 37(b)(2), Federal Rules of Civil Procedure, which provides as follows:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
>
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing

> to comply shows that that party is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2).

First, the court find that a Rule 26(f) Order was entered in this matter on or about December 12, 2005, which required the parties to participate in discovery, and specifically allowed the taking of depositions. Docket Entry 23, at 2, ¶ (II)(A). By not attending his own properly noticed deposition, Plaintiff Scroggs is in violation of that Rule 26(f) Order. Plaintiff Scroggs has compounded that disobedience with failing to appear at a properly noticed hearing that specifically concerned his failure to participate in discovery. Based on such findings, sanctions are appropriate.

In determining a just sanction, the court has carefully considered whether any sanction short of dismissal would cause Plaintiff Scroggs to comply. Among other options, the court has considered imposition of monetary sanctions, contempt, striking certain portions of his pleading, or deeming any possible defenses admitted; however, each of those sanctions presupposes some level of desire for continued participation in this action by Plaintiff Scroggs, which is not readily apparent to the court. The court is left with only one option, which is dismissal of Plaintiff Scroggs claims. Such a sanction is just inasmuch as (1) defendants' right to vigorously defend this action is equally as important as Plaintiff Scroggs' right to prosecute his claims, (2) Plaintiff Scroggs has exhibited absolutely no interest in prosecuting his claims, (3) Plaintiff Scroggs has abandoned this action, and (4) no lesser sanction would be effective.

The court now turns to the issue of whether such dismissal should be with prejudice.

At the hearing, the court was inclined to impose dismissal without prejudice as to Plaintiff Scroggs reasserting his claims as a member of the putative class. Counsel for defendants argued persuasively, however, that such dismissal should be with prejudice as to refiling inasmuch as Plaintiff Scroggs has not only frustrated the discovery process, but caused defendants unnecessary expense. This court simply does not favor involuntary dismissal with prejudice inasmuch as a number of factors unknown to the court could conceivably be at play, including incapacity. See generally Fed.R.Civ.P. 41(b). While the court will not dismiss with prejudice initially, the court will stay any "Consent to Sue" (if he desires to join the putative class) until the following occur: (1) determination and payment of defendants' actual costs, Fed.R.Civ.P. 41(d); and (2) a showing of excusable neglect for his failures up to this point. Fed.R.Civ.P. 6(b)(2). If Plaintiff Scroggs does not wish to become a member of the putative class, such dismissal shall be thereinafter with prejudice. Plaintiff Scroggs is advised that the court may well impose an additional requirement of posting a cash bond to insure against future non-compliance.

## II.   Plaintiffs' First Motion to Compel

Plaintiffs have moved to compel the production of documents and answers responsive to their First Request for Production of Documents and First Set of Interrogatories. At issue is defendants' assertion that certain documents concerning their settlement negotiations with the Department of Labor, which include correspondence between defendants and the DOL, is not subject to discovery when Rule 408, Federal Rules of Evidence, is applied. Plaintiffs' motion is not supported by a memorandum of law L.R. 7.2. While the motion sets out the discovery dispute and *defendants'* position in some detail, it does not reference the court to

any case law or legal argument that would require production over defendants' objection.[1] Defendants have fully responded to plaintiffs' motion with a memorandum of law.

Rule 26(b)(1) provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). While plaintiffs are clearly entitled to discover "raw data documents," and such documents are not protected simply because they were produced in the DOL action, plaintiffs have not shown to the satisfaction of this court that discovery of what are clearly inadmissible documents ( i.e. settlement correspondence and documents created for purposes of settlement)  are "calculated to lead to the discovery of admissible evidence." Id.  See Fed.R.Evid. 408.  Courts addressing this issue have held, as follows:

> [W]hile admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue.

Bottaro v. Hatton Assoc., 96 F.R.D. 158, 159 (E.D.N.Y. 1982).

The court finds that such discovery, if compelled, is  more likely to result in undue prejudice to defendants inasmuch as the communications were apparently made in furtherance of settlement, and may well contain the thoughts and legal theories of the defendants and their counsel.  Put another way, the proposed discovery does not appear likely to lead to the disclosure of admissible evidence, but appears to be more likely to provide plaintiffs with a preview of defendants' trial strategy, as well as learning what defendants perceive to be the weaknesses as well as strengths of their position.

Further, the court finds that compelling production of such materials would chill the

---

[1] Defendants noted such failure in their responsive brief.  Local Rule 7.2 specifically requires supporting briefs, and this court can only surmise that plaintiffs' failure in this case is an oversight inasmuch as counsel for plaintiffs, as well as his firm, have substantial federal court experience and have provided excellent briefs on other issues.

administrative settlement process. The greater good is served when parties are able to resolve their disputes without resort to the federal courts.

> There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties. The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system. In order for settlement talks to be effective, parties must feel uninhibited in their communications. Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative quid pro quos, and generally make statements that would otherwise belie their litigation efforts. Without a privilege, parties would more often forego negotiations for the relative formality of trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.
> **Moreover, confidential settlement communications are a tradition in this country.**

Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980 (6th Cir. 2003)(citation omitted; emphasis added). The court can perceive no difference between communications made face-to-face and those made through letters or emails.

As the Court of Appeals for the Sixth Circuit found in Goodyear, this court finds that if a court were to make a settlement file subject to disclosure in a later lawsuit, it is very likely that counsel and parties would be hamstrung in their settlement efforts. The judicial efficiency in settlement negotiations would, as in Goodyear, be lost.

Finally, plaintiffs have made no showing of hardship or that the raw data and documents underlying the administrative investigation and settlement is not available to them or has not otherwise been produced. Indeed, counsel for defendants has argued that more than 1000 pages of Bates stamped materials have been produced to plaintiffs. Plaintiffs' Motion to Compel will be denied, a protective order will be entered, and defendants are

awarded their reasonable expenses, which will be determined at the conclusion of trial. Fed.R.Civ.P. 37(a)(4)(B).[2]

## III. Motion for Conditional Certification of Class Action

Finally, plaintiffs have requested that the court conditionally certify a *Fair Labor Standards Act* statutory class of "similarly situated" persons under 29, United States Code, Section 216(b). The prevailing view is that unlike standard class certification under Rule 23, Federal Rules of Civil Procedure, certification of a class under § 216(b) is two tiered. Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 263 (S.D.N.Y. 1997).

At this point, the court has only reached the first tier. At the first tier, the court determines whether notice of the action should be given to potential members of the collective action by determining whether a conditional class should be certified. A conditional class under § 216(b) should be certified where moving plaintiffs show "that putative class members were together the victims of a single decision, policy, or plan that violated the law." Reeves v. Alliant Techsystems, Inc., 77 F.Supp.2d 242, 247 (D.R.I. 1999) (citation an corresponding quotation marks omitted).

Plaintiffs have made such a threshold showing. In furtherance of the motion, the moving plaintiffs have shown, as follows: (1) numerosity, to the effect that the alleged violation has allegedly occurred to all named plaintiffs, suggesting that defendants are failing to properly compensate other former and current employees based on the same policy; (2) plaintiffs expressly contemplated establishment of a collective action, and have alleged that defendants are failing to pay overtime wages to their hourly workers; and (3) that the alleged violation is purportedly ongoing and impacting present employees, and that there may

---

[2] Plaintiffs have done nothing wrong in bringing their motion to compel; however, Rule 37(a)(4)(B) makes the award of reasonable expenses mandatory.

be additional current employees who are similarly situated to plaintiffs' affiant.

The court has also considered defendants' well reasoned briefs and given close consideration of the oral arguments presented on behalf of the defendants at the hearing. In essence, defendants argued that a conditional certification of a collective action should not be allowed because the circumstances of each particular employee's "contract" with defendants is likely to be different, their work differed, the deposition of each collective member will likely be taken, and plaintiffs will likely be required to prove and defendants will be required to defend against the specific circumstances of each and every collective member's employment.

Defendants' argument has given this court some pause, but upon further reflection it would appear that such argument is more appropriate in the context of the "second tier" analysis. At the second tier, the party opposing statutory certification has the opportunity to move for decertification, which typically involves an in-depth look at whether the plaintiffs who have joined are in fact "similarly situated." See Moss v. Crawford & Co., 201 F.R.D. 398, 409-11 (W.D.Pa. 2000). Defendants' argument is precisely what the court would expect at the second tier, i.e., that the potential class of plaintiffs are not similarly situated. Discovery should shed some light on that subject.

Based on the pleadings and papers presented, the court finds that plaintiffs have made a sufficient initial showing that the putative class members are collectively the alleged victims of a single decision, policy, or plan that may have violated the Fair labor Standards Act. The court will, therefore, grant plaintiffs' Motion for Conditional Certification of Class Action.

**IV. Motion for Leave to Send Court-Approved notice to Putative Members of Collective Action.**

Having granted conditional certification, the court now has before it plaintiffs' proposed "Notice to Potential Members of Collective Action for Payment of Overtime." Docket Entry 34, at 5-7. The court has reviewed the proposed notice as to form and content and notes that the following corrections are needed:

(1) any reference to "attorney*s*" should be "attorney" inasmuch as only Mr. Roth has noticed his appearance for plaintiffs, and such misnomer may be misleading at this point as to the degree of representation. Plaintiffs are welcome to use the term "attorneys" if another attorney both makes an official appearance in this matter and is named in the notice;

(2) any reference in the singular to "plaintiff," which should be "plaintiffs"(see substantive paragraph four);

(3) correction of the caption to the "Bryson City Division," not the "Asheville Division" as proposed (despite the lawyers being from Asheville, this is a Bryson City Division Case, and trial will be in Bryson City);

(4) correction of substantive paragraph one to reflect that the action was filed in the Bryson City Division;

(5) correction of substantive paragraph two and thereafter to substitute "Phoenix Supported Living, Inc.," for the shorthand "Phoenix"; and

(6) correction of substantive paragraph three to eliminate the unmatched parenthesis.

Finally, the notice contains no deadlines for contacting counsel for plaintiffs or, in turn, for plaintiffs to file properly executed "Consent to Sue" forms. Absent suggestions from the

parties, the court will establish November 17, 2006, as the deadline for filing with the court "Consent to Sue" forms in this matter. After that date, joinder will be governed by the Federal Rules of Civil Procedure. Counsel for plaintiffs is granted leave to establish a deadline for putative plaintiffs to contact his office and/or return forms, and counsel may place that date in the notice without further court approval.

With those changes, the court finds that the proposed notice serves the purposes of § 216(b) and furthers substantial interests in justice; therefore, the court approves its distribution to putative members of the collective action. Counsel for plaintiff is authorized to distribute such notices as an officer of this court to former and current employees of defendants at their ususal mailing addresses or home addresses; however, distribution at such employees present place of employment is prohibited and there shall be absolutely no distribution of such notices at any place of business operated by these defendants, including parking areas.

Defendants are directed to provide plaintiffs with such addresses, and plaintiffs are prohibited from using such information for any purpose other than sending the court-approved notices. Until such time as a putative plaintiff elects to contact counsel in response to such notice, counsel for plaintiffs shall not contact such employees or former employees through any other means other than the notice approved by the court.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiffs' First Motion to Certify Class (#34) is **GRANTED** as discussed above, and the proposed notice to potential class members is **APPROVED** with the noted corrections and additions;

(2) plaintiffs' First Motion to Compel (#42) is **DENIED** and a Protective Order is entered providing that defendants need not produce the requested documents or answer the propounded discovery requests to which defendants objected. Defendants are awarded their costs in defending such motion, with the amount to be determined at the conclusion of trial;[3] and

(3) defendants' Motion for Sanctions (#46) is **GRANTED** and Plaintiff Scroggs and his claims against these defendants are **DISMISSED** without prejudice as to reasserting those claims as a member of the putative collective action. Any such "Consent to Sue" filed on behalf of Plaintiff Scroggs is **STAYED** until costs can be determined and paid and Plaintiff Scroggs otherwise shows good cause for his disobedience of the court's Orders thus far. In the event no consent to sue is delivered to the court before November 17, 2006, on behalf of Plaintiff Scroggs, such claims shall thereinafter be **DISMISSED** with prejudice.

Signed: September 12, 2006

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

---

[3] If the parties amicably resolve this action, they should factor in any costs.