UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.

SEP 2 2 2006

U.S. DISTRICT COURT
W. DIST. OF N.C.

Civil Action No. 2:05CV1

ANITA DUNCAN, NAOMI DUNCAN, MARY MCCOMBS & SCOTT SCROGGS, on behalf of themselves and similarly situated employees,

    Plaintiff,

v.

PHOENIX SUPPORTED LIVING, INC., and TONY SCHMIDT,

    Defendants.

**CONSENT PROTECTIVE ORDER**

THIS MATTER coming before the undersigned Judge upon the request of the parties, and the parties having consented thereto as evidenced by the signatures below of counsel of record;

WHEREAS, the Defendants have shown to the Court that the Plaintiffs have requested the production of confidential and sensitive employment records of non-party employees, including current and former employees of Phoenix Supported Living, Inc. ("PSL"), and that the unencumbered release of such information would violate the respective non-party employees' privacy rights, with the potential to cause harm to the said non-party employees and to PSL's business operations, financial or otherwise; and

WHEREAS, the Court finds that the entry of this protective order is in the best interest of the Defendants and will not prejudice the Plaintiffs in any manner;

NOW, THEREFORE, the Court hereby orders as follows:

1. The following definitions shall apply in this Order:

    A. The term "document" or "documents" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize, or communicate thoughts or information and shall include, but not be limited to, the original and all copies, regardless of origin, location or form of any paper, pamphlet, periodical, letter, memorandum, telegram, telex, cable, other correspondence, report, record, study, note, notices, diary, calendar, working paper, chart, computer disk, computer file, electronic mail, floppy disk, hard disk, computer

1

data storage device, book, graph, business record, appointment book, notebook, pleading, or litigation paper, as well as any other tangible things on which thoughts or information is recorded;

- B. The term "Confidential Documents" means any and all documents (as defined above) from the employment records of Phoenix Supported Living, Inc. (or copies, notes, extracts, or summaries created therefrom) that contain information relative to non-party employees (former and current) of PSL. The term "Confidential Documents" specifically includes the information contained therein.

- C. The term "Confidential Information" means any and all information, whether contained in Confidential Documents or not, from any of the parties that contains individually identifiable information relative to any employees (former and/or current) of PSL relative to said employees employment records.

- D. The term "Defendants" as used herein means Phoenix Supported Living, Inc. and Tony Schmidt, and any of their predecessors or successors.

- E. The term "Receiving Party" means a party who has received from another party a document or information designated as "Confidential" pursuant to this Order.

2. None of the parties or their counsel shall use Confidential Documents produced or Confidential Information provided by any other party in this action for any purpose other than prosecution or defense of this action.

3. If any of the Defendants produces any documents that they believe constitute Confidential Documents (as defined herein) or provide any information that they believe constitutes Confidential Information (as defined herein), they shall stamp each such document or label such information, including deposition transcripts or portions thereof, "Confidential." Confidential designations shall be made at the time of production or, in the case of deposition transcripts, within ten (10) days of receipt of the transcript. If the Plaintiffs believe that any item thus designated should be excluded from the scope of this Protective Order, the Plaintiffs or their counsel shall meet and confer with counsel for the Defendants to resolve any disagreement. If the parties are unable to resolve their differences, the Plaintiffs may apply to the Court for a declaration as to whether the particular item should be within the scope of this Protective Order.

4. No person other than the Defendants or their counsel of record shall disclose to any other person Confidential Documents (as defined herein) or Confidential Information (as defined herein) unless all terms and

conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents and Confidential Information may be disclosed **only** to the following persons:

   A. Counsel of record for the Receiving Party and the employees of such counsel who are assisting in preparing for the hearing or trial of this matter, and the Plaintiffs in this action;

   B. Persons specifically retained or consulted by the Receiving Party to assist in preparing for the hearing or trial of this matter (such as consultants and other experts) who are not regular employees of the Receiving Party or counsel of record for such party, but only if such persons need the Confidential Documents or Confidential Information to render such assistance (such persons may not retain the Confidential Documents or disclose the Confidential Information after their participation in the case has ended);

   C. Any witness at a deposition, hearing or trial to the extent that it is necessary to tender to such witness a Confidential Document or disclose Confidential Information to elicit testimony relevant to the matters at issue in this case.

5. Before any person is given access to Confidential Documents or Confidential Information therefrom under Subparagraphs 4(B) and 4(C) above, the Receiving Party's counsel shall provide such person with a copy of this Order and require such person to execute a written acknowledgment that he or she understands the terms of this Order and agrees to abide by them. (In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of the Order and obtain his or her acknowledgment one time before commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional confidential documents or may be provided with confidential information.) A copy of such written acknowledgment shall be furnished to counsel for the Defendants within ten (10) days of the entry of a final judgment or the filing of a notice of voluntary dismissal in this action, whichever comes first. If any non-party deponent or trial witness refuses to execute such written acknowledgment, such deponent or trial witness may be shown Confidential Documents or provided with Confidential Information only during his or her actual testimony and may not retain a copy of such documents or information.

6. No document (including pleadings, briefs, memoranda, depositions and exhibits) containing Confidential Documents or Confidential Information shall be filed with the Court unless filed separately under seal in an envelope marked with a legend substantially as follows:

**"THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION, THE DISCLOSURE OR USE OF WHICH IS RESTRICTED BY COURT ORDER"**

Where portions of a pleading containing Confidential Documents or Confidential Information can be segregated, only those portions containing such Confidential Information need be filed under seal.

7. Each person given access to Confidential Documents or Confidential Information pursuant to this Order shall keep such material strictly secure, and refrain from disclosing in any manner any such documents or information, and shall keep such documents and information confidential except as otherwise provided by the terms of this Order.

8. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents and Confidential Information shall continue to be binding upon all persons entitled to access under the terms of this Order, and the Receiving Party and counsel for such party shall return all such Confidential Documents and all copies, summaries, extracts and notes concerning Confidential Information to the counsel for Defendants.

Provided further, if the Parties believe that any document is protected from disclosure by the attorney-client privilege or work-product doctrine set forth in Rule 26 of the applicable rules of civil procedure, the Parties or their counsel shall meet and confer to resolve any differences. If the Parties are unable to resolve their differences, the Parties may apply to the Court for a declaration as to whether the particular item is or should be protected by either such privilege or doctrine. If the Court finds that such a document is protected by such doctrine or privilege, the Receiving Party will, upon written demand, promptly return all such provided documents and all copies and facsimiles thereof in the Receiving Party' possession, custody or control.

9. Nothing herein shall: (i) preclude the Defendants from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate; (ii) preclude any party from objecting to the discoverability of any documents or information on appropriate grounds; (iii) limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action; or (iv) waive a party's right to object to the admissibility of documents or discovery materials.

10. The parties shall confer among themselves concerning measures that should be taken during the trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

4

11. This Order may be modified by the Court upon application of any party for good cause shown.

SO ORDERED, with the parties' consent, this the 22nd day of September, 2006.

_____
Judge Presiding

WE CONSENT:

Counsel for Plaintiffs:

_____
Philip J. Roth, Esquire
MARSHALL & ROTH, P.C.
P.O. Box 769
Asheville, North Carolina 28802
Telephone: (828) 281-2100


Counsel for Defendants:

_____
Grant B. Osborne
McGUIRE, WOOD & BISSETTE, P.A.
P.O. 3180
Asheville, North Carolina 28802
Telephone: (828) 254-8800

G:\72896 Phoenix Support\docs\Protective Order.doc