# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05cv1

| | | |
|---|---|---|
| ANITA DUNCAN, NAOMI DUNCAN, and MARY McCOMBS, on behalf of themselves and similarly situated employees, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| PHOENIX SUPPORTED LIVING, INC.; and TONY SCHMIDT, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on defendants' Motion for Leave to File Amended Answer (#89). The court has closely considered the arguments in the memoranda in support, opposition, and reply, and will grant defendants leave to file their Amended Answer to the Amended Complaint. Foremost, there is no evidence of dilatory delay, plaintiffs have not demonstrated substantial prejudice, and the proposed defenses appear to be made in good faith. While this case is quickly becoming, if it has not become already, the oldest case in the Bryson City Division, it simply cannot be said that any attorney is dragging their feet. Instead, respective counsel are doing a masterful job in assuring that their respective clients' rights and positions are being presented for trial. Review of defendants' proposed amendments reveals that they are in conformity with the requirements of Rule 15(a), Federal Rules of Civil Procedure.

Rule 15(a) of the Federal Rules of Civil Procedure provides that when

> a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). The same logic is applicable to a motion to amend an Answer. Defendants' motion will be allowed, and defendants will be permitted 10 days from service of this Order to file their Amended Answer to the Amended Complaint.

Also pending and ripe for disposition are plaintiffs' and conditional plaintiffs' Motion to Certify Class (#84), defendants' Motion for Sanctions (#86), and defendants' Motion to Decertify Collective Action (#87). While the undersigned has not decided the issue, the court's initial impression is that a collective action is unnecessary due to the lack of response plaintiffs received from putative collective class and that other techniques of joinder of any additional plaintiffs may be more expedient. The court shares such initial thoughts so that counsel may hone their arguments at the upcoming hearing on the remaining pending motions. Counsel should also be prepared at that time to discuss a new discovery plan and may wish to meet in advance of such hearing to chart a course they may find mutually convenient. Finally, respective counsel are again encouraged to consider alternatives to further litigation that may expedite resolution of this dispute.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)  defendants' Motion for Leave to File Amended Answer (#89) is **ALLOWED**, and defendants are allowed 10 days from their receipt of this Order to file their Amended Answer to the Amended Complaint;

(2)  plaintiffs' and conditional plaintiffs' Motion to Certify Class (#84), defendants' Motion for Sanctions (#86), and defendants' Motion to Decertify Collective Action (#87) are **CALENDARED** for hearing March 29, 2007, at 2 p.m. in Asheville.

Signed: March 20, 2007

Dennis L. Howell
United States Magistrate Judge